| | |
|---|---|
| 1 | DANIEL H. HANDMAN, Bar No. 236345 |
| | dhandman@hkemploymentlaw.com |
| 2 | SAYAKA KARITANI, Bar No. 240122 |
| | skaritani@hkemploymentlaw.com |
| 3 | HIRSCHFELD KRAEMER LLP |
| | 233 Wilshire Boulevard, Suite 600 |
| 4 | Santa Monica, CA 90401 |
| | Telephone: (310) 255-0705 |
| 5 | Facsimile: (310) 255-0986 |
| 6 | Attorneys for Defendant |
| | ALTA-DENA CERTIFIED DAIRY, LLC. |
| 7 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT**

| | |
|---|---|
| ROSI GODINEZ, an individual, | Case No. |
| | [Los Angeles County Superior Court Case No. BC539703] |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332 AND 28 U.S.C. § 1441 (b) (DIVERSITY)** |
| ALTA-DENA CERTIFIED DAIRY, LLC, a limited liability company; MARIA FLORES, an individual and DOES 1 to 20, inclusive, | |
| Defendants. | [Filed Concurrently with Civil Cover Sheet; Declaration of Sayaka Karitani; and Certificate of Interested Parties.] |
| | Complaint Filed: March 17, 2014 |

NOTICE OF REMOVAL
CASE NO.

4846-4935-6322

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

**PLEASE TAKE NOTICE** that Defendant Alta-Dena Certified Dairy, LLC ("Alta-Dena") hereby removes the above-titled action from the Superior Court of the State of California for the County of Los Angeles ("State Court"), where the above-titled action ("Action") was filed, to the United States District Court for the Central District of California.

This is a civil action over which this Court has original jurisdiction, and one in which Alta-Dena may remove pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441(b) to this Court, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states as described further below.

## I. TIMELINESS OF REMOVAL

Removal of a complaint from state court to federal court must be effected within 30 days from the first date from which it can be ascertained that the federal subject matter jurisdiction exists. 28 U.S.C. § 1446(b). That statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper from which it may first be ascertained that the case is one which is or has become removable.**

(28 U.S.C. § 1446(b) (as amended by Public Law 112-63, effective Dec. 7, 2011) (emphasis added).)

In this case, on or about March 17, 2014, Plaintiff Rosi Godinez ("Godinez") commenced the Action in the State Court by filing a complaint ("Complaint") entitled *Rosi Godinez v. Alta-Dena Certified Dairy, LLC, et al.* and bearing Los Angeles County Superior Court Case No. BC 539703. The Complaint alleges the following eight purported causes of action: (1) Disability Discrimination in Violation of California Government Code §12940(a); (2) Disability Discrimination in Violation of California Government Code §12940(m) – Failure to Provide Reasonable Accommodation; (3) Disability Discrimination in Violation of California Government Code § 12940(n) – Failure to Engage in the Interactive Process; (4) California Family Rights Act Violation under California Government Code §12945.2; (5) Retaliation in Violation of California Government Code §§ 12940(h) and 12945(l); (6) Wrongful Termination in Violation of Public Policy; (7) Disability Harassment in Violation of California Government Code § 12940(j); and (8) Failure to Prevent Harassment, Discrimination and Retaliation in Violation of California Government Code § 12940(k). [True and correct copies of the Summons and Complaint are collectively attached to the concurrently filed Declaration of Sayaka Karitani as Exhibit A.] In addition to Alta-Dena, the Complaint purported to state a cause of action against individual defendant Maria Flores. [*Id.*]

Plaintiff personally served Alta-Dena with the Summons and Complaint on March 18, 2014. [See Karitani Decl., Exhibit A.] Alta-Dena initially removed this case to federal court in April 2014 based on federal diversity jurisdiction. [Dkt. No. 1 of USDC Case No. 2:14-cv-02981-RSWL-SS; Karitani Decl., ¶ 3.] In May 2014, Godinez filed a motion to remand this case to Los Angeles Superior Court. [Dkt. No. 8 of USDC Case No. 2:14-cv-02981-RSWL-SS; Karitani Decl., ¶ 3.] After a hearing, the United States District Court Judge Ronald S.W. Lew remanded this case. [Dkt. Nos. 11 and 12 of USDC Case No. 2:14-cv-02981-RSWL-SS; Karitani Decl., ¶ 3.] Judge Lew's reason for remanding the case back to state court was that

Alta-Dena had failed to meet its burden of establishing that Godinez cannot possibly establish a FEHA harassment claim against Maria Flores. [*See* Dkt. No. 12 of USDC Case No. 2:14-cv-02981-RSWL-SS; Karitani Decl., ¶ 3.]

The parties then engaged in depositions and written discovery, leading to the conclusion that Godinez was improperly named as a defendant in this matter. [Karitani Decl., ¶ 4.] Godinez's testimony revealed that Godinez did not have any basis for pursuing the FEHA harassment claim against Maria Flores. [*Id.*] As a result, in November 2014 Flores requested that Godinez voluntarily dismiss of all claims and the entire action against her with prejudice. [*Id.*] In response, Godinez stated that she would do so in exchange for a waiver of costs and waiver of Alta-Dena's right to remove this case. [*Id.*] As such, Alta-Dena served (but did not file) a motion for sanctions for essentially holding Alta-Dena's right to remove hostage in exchange for voluntary dismissal of an apparent frivolous action against Godinez. [*Id.*]

On or about February 26, 1015, Godinez agreed to voluntarily dismiss Maria Flores and submitted a Request for Dismissal as to all causes of action against Maria Flores, the only party defeating diversity. [Karitani Decl., Exhibit B.] According to the Clerk in Department 68 of the Los Angeles Superior Court this dismissal was entered on March 4, 2015.

Therefore, this Notice of Removal, filed on March 6, 2015, is timely filed pursuant to 28 U.S.C. §1446(b).

## II. VENUE

Venue lies in the Central District pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c)(2). This action was originally brought in the Superior Court of the State of California, County of Los Angeles.

## III. THERE IS NOW COMPLETE DIVERSITY JURISDICTION

Godinez shares complete diversity from Defendant Alta-Dena Certified Dairy, LLC (which is the only remaining defendant in this case, following the

4

NOTICE OF REMOVAL
CASE NO.

dismissal of Defendant Maria Flores). As a result, removal is proper.

### A. Godinez's Citizenship.

At the time of commencement of the Action and at the time of removal, Godinez was, and still is, a citizen of the State of California. [*See* Karitani Decl., Exhibit A (Complaint at ¶ 2).]

### B. Defendant's Citizenship.

At the time of commencement of the Action and at the time of removal defendant Alta-Dena was, and still is, a Delaware limited liability company. [Declaration of Laura Schaefer,[1] ¶ 2.] As a limited liability company, Alta-Dena's citizenship is based on the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894 (9th Cir. 2006). At the time of the filing of the Complaint in this case and as of today, Alta-Dena Certified Dairy, LLC has one member, Dean West II, LLC, which is also a limited liability company organized under the laws of the State of Delaware. [Schaefer Decl., ¶ 2.] Dean West II, LLC has one member, Dean Dairy Holdings, LLC, which is also a limited liability company organized under the laws of the State of Delaware. [*Id.,* ¶ 3.] Dean Dairy Holdings, LLC has one member, Dean Holding Company, a corporation organized under the laws of the State of Wisconsin. Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of "any State by which it has been incorporated *and* of the State where it has its principal place of business." The term "principal place of business " in the Federal diversity jurisdiction statute refers to the "nerve center" of the corporation, which has been defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [which] in practice . . . should normally be the place where the corporation

---

[1] Ms. Schaefer's Declaration, which was filed concurrently with Alta-Dena's original Notice of Removal on April 21, 2104, is Docket No. 5 of USDC Case No. 2:14-cv-02981-RSWL-SS. It is also attached to the Declaration of Sayaka Karitani as Exhibit E for the Court's convenience.

5
NOTICE OF REMOVAL
CASE NO.

maintains its headquarters - - provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *The Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). The headquarters of Dean Holding Company are located at 2711 North Haskell Avenue, Suite 3400, Dallas, Texas 75204. At the time of the filing of the Complaint in this case and as of today, the large majority of the officers of Dean Holding Company resides and works in the Dallas, Texas area and, when decisions are made about the business of Dean Holding Company, such decisions are made by those officers in Dallas, Texas. Accordingly, for the purposes of determining diversity of citizenship, Alta-Dena is a citizen of Delaware, Wisconsin and Texas.

Therefore, Godinez is domiciled in the State of California, and as a result, she is completely diverse from Alta-Dena, which is a citizen of Delaware, Wisconsin and Texas.

## IV. AMOUNT IN CONTROVERSY "MORE LIKELY THAN NOT" EXCEEDS $75,000

### A. Allegations of the Complaint

In the Complaint, Godinez seeks "lost employment earnings and benefits, past and future, according to proof." [Karitani Decl., Exhibit A (Complaint at ¶¶ 19, 27, 35, 49, 55, and 62; *see also id.* at ¶ 69 and Prayer, ¶¶ 1-2).] Godinez also seeks damages, according to proof, for mental and emotional distress and exemplary damages, as well as attorneys' fees and costs. [*Id.*, Exhibit A (Complaint, at ¶¶ 20, 21, 22, *passim*; Prayer, ¶¶ 3-4).] Godinez has not assigned a dollar value to these claims. When the amount in controversy is unclear from the Complaint, as it is here, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B); *Guglielmino v. McKee Foods Corporation*, 506 F.3d 696, 700-701 (9th Cir. 2007). The Court must consider any "sum which would entail a payment" by the defendant, including

6

damages for lost wages, lost future wages, the value of lost health benefits, compensatory damages, punitive damages, and attorney's fees. *Guglielmino*, 506 F.3d at 701. The Ninth Circuit has affirmed removal where the District Court "conservative[ly]" estimated attorney's fees to be 12.5% of the actual damages sought and "conservative[ly]" estimated punitive damages at a ratio of 1:1 with the actual damages sought. *Id.*

While employed with Alta-Dena, Godinez was a Quality Assurance Lab Technician at its City of Industry Facility. [Karitani Decl., Exhibit A (Complaint at ¶ 7).] Godinez further alleges that her employment ended on October 31, 2013. [*Id.*] She was a full time employee for the duration of her employment with Alta-Dena, meaning she worked at least 40 hours per week, on average (a conservative number, given that Plaintiff worked overtime on occasion). [Declaration of Maria Flores,[2] ¶ 2.] Godinez's hourly rate of pay at the time of her termination was $24.60. [*Id.* at ¶ 3.] This translates to a claim for past lost income damages in the amount of at least $68,880 ($24.60 x 40 hours x 70 weeks from October 31, 2013 until March 9, 2015) and a claim for future lost income damages of at least $51,168.00 ($24.60 x 40 hours x 52 weeks for March 9, 2015 through March 8, 2016). Alta-Dena's 2013 contributions (through October 31, 2013) toward Godinez's annual benefits package are estimated at approximately $9,846.13. [*Id.*, ¶ 5.] While Alta-Dena denies that such damages would be proper, Godinez's claim for past and future lost income damages based on Alta-Dena's conservative estimate of $120,048 in alleged lost wages, plus benefits (approximately $11,815.56 per annum), puts the amount in controversy well above the $75,000 jurisdictional minimum.

---

[2] Ms. Flores' Declaration, which was filed concurrently with Alta-Dena's original Notice of Removal on April 21, 2104, is Docket No. 4 of USDC Case No. 2:14-cv-02981-RSWL-SS. It is also attached to the Declaration of Sayaka Karitani as Exhibit E for the Court's convenience.

7

NOTICE OF REMOVAL
CASE NO.

Furthermore, Godinez has alleged violations of the California Family Rights Act and the California Fair Employment and Housing Act, in the form of perceived and physical disability discrimination (as well as FEHA harassment, retaliation, and failure to prevent) for which punitive damages and attorneys' fees are recoverable. [Karitani Decl., Exhibit A (Complaint ¶¶ 1-52 and 59-72).] Applying *Guglielmino's* analysis and adding punitive damages in a 1:1 ratio and attorneys' fees at 12.5% of the actual damages (which Alta-Dena limits to Godinez's alleged lost wages for the purposes of this Notice of Removal), the amount in controversy here is no less than $255,102, which is in excess of the minimum amount necessary to satisfy diversity jurisdiction.

### B. Godinez's Discovery Responses Demonstrate Jurisdictional Limit.

In her interrogatory responses, Godinez has specified that, as of September 9, 2014, she has lost at least $76,655.76 in wages plus lost benefits and claims an additional $1,002 in lost wages per week. [Karitani Decl., Exhibit F (Form Interrogatory – Employment Law Nos. 210.2 and 210.3)].

Taking into consideration all of Godinez's allegations, claims and discovery responses, the Court may easily assure that the amount in controversy exceeds $75,000.

## V. CONCLUSION.

Based on the foregoing, this Court has jurisdiction over the Action under the provisions of 28 U.S.C. § 1332, in that this Action involves a controversy which exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. Accordingly, this Action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

//
//
//
//

## VI. NOTICE TO STATE COURT

A true and correct copy of this Notice of Removal has been served on the Plaintiff and will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by law.

Dated: March 6, 2015

HIRSCHFELD KRAEMER LLP

By: _____
Daniel H. Handman
Sayaka Karitani
Attorneys for Defendant
ALTA-DENA CERTIFIED DAIRY, LLC

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On March 6, 2015, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332 AND 28 U.S.C. § 1441 (B) (DIVERSITY)**

☐ by transmitting **via facsimile** on this date from fax number (310) 255-0986 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On March 6, 2015, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Donald Potter, Esq.
Law Office of Donald Potter
776 East Green Street, Suite 210
Pasadena, CA 91101
T: (626) 744-1555
F: (626) 389-0592
E: dp@donpotterlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on March 6, 2015 at Santa Monica, California.

*Robbin DeRuisé*
Robbin T. DeRuisé

NOTICE OF REMOVAL
CASE NO.