1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9             **CENTRAL DISTRICT OF CALIFORNIA**
10
11
12  ROSI GODINEZ, an            )  CV 15-01652 RSWL (SSx)
    individual,                 )
13                              )  **ORDER Re: DEFENDANT'S**
                 Plaintiff,     )  **MOTION IN LIMINE NO. 1**
14                              )  **[60]; DEFENDANT'S MOTION**
         v.                     )  **IN LIMINE NO. 2 [62];**
15                              )  **DEFENDANT'S MOTION IN**
    ALTA-DENA CERTIFIED DAIRY,  )  **LIMINE NO. 3 [61].**
16  LLC, a limited liability    )
    company; MARIA FLORES, an   )
17  individual and DOES 1 to    )
    20, inclusive,              )
18                              )
19               Defendants.    )
    _____ )

20              **I.  INTRODUCTION**

21      Currently before the Court is Defendant Alta-Dena

22  Certified Dairy, LLC's ("Defendant") Motion in Limine

23  No. 1 to Exclude Testimony Re: Coworkers Offered to

24  Assist with Plaintiff's Job Duties [60]; Defendant's

25  Motion in Limine No. 2 to Exclude Testimony Re:

26  Accomodation(s) Not Requested [62]; and Defendant's

27  Motion in Limine No. 3 to Exclude Evidence Re:

28  Additional Payments for Negative Tax Consequences [61].

1    The Court, having reviewed all papers and arguments
2    submitted pertaining to these Motions, **NOW FINDS AND**
3    **RULES AS FOLLOWS:** The Court hereby **DENIES** Defendant's
4    Motions in Limine Nos. 1 and 2, and **GRANTS** Defendant's
5    Motion in Limine No. 3.

6                            **II. DISCUSSION**

7    A.  **Defendant's Motion in Limine No. 1**

8         Defendant seeks to preclude Plaintiff Rosi Godinez
9    ("Plaintiff") from presenting evidence "regarding the
10   potential to reallocate some of [Plaintiff's] job
11   functions to other employees." Def.'s Mot. in Limine
12   No. 1, 2:3-7, ECF No. 60, 3:3-10.  Plaintiff seeks to
13   introduce such evidence in support of her claim that
14   Defendant failed to reasonably accommodate her
15   disability in violation of the California Fair
16   Employment and House Act ("FEHA").  Defendant contends
17   that its Motion "is made on the grounds that such a
18   reallocation is, as a matter of law, not an
19   accommodation that Defendant need provide.  As such,
20   any evidence is irrelevant and would tend to be more
21   prejudicial than probative." Id. at 3:3-10.  Defendant
22   brings this motion on the grounds of Federal Rules of
23   Evidence 401, 402, and 403.

24        The Federal Rules of Evidence make clear that only
25   evidence that is relevant is admissible.  Fed. R. Evid.
26   402; see also U.S. v. Kosmisaruk, 885 F.2d 490, 493-94
27   (9th Cir. 1989)(court may exclude irrelevant evidence
28   from presentation to the jury).  Even if evidence is

deemed relevant, it may still be excluded if its probative value is substantially outweighed by the dangers of unfair prejudice, confusions of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Fed. R. Evid. 403.

Defendant argues that "[i]t is fundamental accommodation law that an employer never has to reallocate *essential* functions to other employees as a reasonable accommodation for a disabled employee." Def.'s Mot. in Limine No. 1, ECF No. 60, 3:12-14 (emphasis added) (citing Dark v. Curry County, 451 F.3d 1078, 1089 (9th Cir. 2006)).  However, in Defendant's Motion, Defendant seeks to exclude a broader category of evidence, specifically "testimony or other evidence regarding the potential to reallocate *certain* of [Plaintiff's] job functions to other employees."  Id. at 3:5-7 (emphasis added).  Defendant's Motion is problematic as it does not further specify which testimony or evidence it seeks to exclude, and as such is likely over-inclusive.  For this initial reason, the Court **DENIES** Defendant's Motion in Limine No. 1 [60].

Furthermore, as this Court discussed in its previous Order granting in part Defendant's Motion for Summary Judgment [54], there remains a triable issue as to what the "essential functions" of Plaintiff's position are, and consequently, whether or not Defendant failed to provide reasonable accommodations

in accordance with FEHA.  <u>See</u> Order dated 1/29/16, ECF No. 54, 16:5-6.  Accordingly, upon the jury's determination of which functions of Plaintiff's position were "marginal" and which were "essential," evidence as to whether Defendant could have reallocated other employee's marginal job functions to accommodate Plaintiff's disability will be directly relevant to her reasonable accommodation and interactive process claims against Defendant.  Further, this Court finds that such evidence would be far more probative of Plaintiff's claims than prejudicial to Defendant.  Accordingly, for this additional reason, this Court **DENIES** Defendant's Motion in Limine No. 1 [60].

B.  **<u>Defendant's Motion in Limine No. 2</u>**

Defendant seeks to "exclude testimony or other evidence regarding [Plaintiff's] proposed accommodations that she failed to suggest or even mention during the interactive process."  Def.'s Mot. in Limine No. 2, ECF No. 62, 3:5-8.  Defendant brings this Motion on the grounds of Federal Rules of Evidence 401, 402, and 403, namely, that such evidence should be excluded because it is both irrelevant and tends to be more prejudicial than probative.

Pursuant to section 12940(n) of FEHA, both an employee and employer is required to participate *in good faith* in the interactive process.  Specifically, the interactive process imposes burdens on both the employer and employee.  An employee need only give

4

notice of his or her disability and potential need for accommodation in order to trigger the employer's duty to engage in a cooperative, interactive process.  <u>See Prilliman v. United Airlines</u>, 53 Cal. App. 4th 935, 950-951 (1997).  "Once the interactive process is initiated, the employer's obligation to engage in the process in good faith is continuous." <u>Scotch v. Art Institute of California-Orange County, Inc.</u>, 173 Cal. App. 4th 986, 1013 (2009).  "[T]he employer's obligation to engage in the interactive process extends beyond the first attempt at accommodation and continues when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed.  This rule fosters the framework of cooperative problem-solving contemplated by the ADA,[1] by encouraging employers to seek to find accommodations that really work . . . ." <u>Humphrey v. Memorial Hospitals Ass'n</u>, 239 F.3d 1128, 1138 (9th Cir. 2001).

Significantly, the employee does not bear an exclusive burden of identifying reasonable accommodations.  "To put the entire burden for finding a reasonable accommodation on the disabled employee or,

---

[1] "In that the FEHA is modeled after federal anti-discrimination law, the Americans with Disabilities Act of 1990 (the "ADA") in particular, 'courts have looked to decisions and regulations interpreting the ADA to guide construction and application of the FEHA.'" <u>Diaz v. Federal Express Corp.</u>, 373 F.Supp.2d 1034, 1054 (C.D. Cal. 2005) (citing <u>Hastings v. Department of Corrections</u>, 110 Cal. App. 4th 963, 973 (2003)).

effectively, to exempt the employer from the process of identifying reasonable accommodations, conflicts with the goals of the ADA." Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1113-14 (9th Cir. 2000) (*vacated on other grounds*, U.S. Airways. Inc. v. Barnett, 535 U.S. 391 (2002)).   The Ninth Circuit has reasoned: "Employees do not have at their disposal the extensive information concerning possible alternative positions or possible accommodations which employers have.   Putting the entire burden on the employee to identify a reasonable accommodation risks shutting out many workers simply because they do not have the superior knowledge of the workplace that the employer has."   Id.

Accordingly, in the present case, Plaintiff did not have an exclusive affirmative duty to raise reasonable accommodations during the interactive process in order to sustain her claims for violation of FEHA sections 12940(n) and (m).   Rather, Defendant has a correlating duty to identify and raise alternative reasonable accommodations, in furtherance of the aims of FEHA's interactive process.[2]

---

[2]See Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 315-316 (3d Cir. 1999)("The interactive process would have little meaning if it was interpreted to allow employers, in the face of a request for accommodation, simply to sit back passively, offer nothing, and then, in post-termination litigation, try to known down every specific accommodation as too burdensome.   That's nto the proactive process intended: it does not help avoid litigation by bringing the parties to a negotiated settlement, and it unfairly exploits the employee's comparative lack of information about what accommodations the employer might allow.").

Furthermore, the employee need not raise all reasonable accommodations *during* the interactive process, but may instead identify additional accommodations during the litigation, so long as these accommodations were available during the interactive process.  <u>Scotch</u>, 173 Cal. App. 4th at 995.  In <u>Scotch</u>, the court analyzed three leading cases on the issue, and determined: "In light of the FEHA's remedial purpose, we reconcile these cases and hold to recover under section 12940, subdivision (n), the employee must identify a reasonable accommodation that was available at the time the interactive process should have occurred.  We recognize that during the interactive process itself the employee does not have the same access to information about possible accommodations as the employer does.  But, we also hold, through the litigation process, including discovery, the employee must be able to identify a reasonable accommodation that would have been available during the interactive process."  <u>Id.</u> at 995.

As discussed in this Court's Order granting in part Defendant's Motion for Summary Judgment, it is clear from the record that Plaintiff has raised accommodations that were "reasonable on their face" and available during the interactive process.  Order dated 1/29/16, ECF No. 54, 16:1-15 (citing <u>Airways, Inc. v. Barnett</u>, 535 U.S. 391, 401, 402 (2002)).  Upon review of the relevant case law, evidence and testimony

proffered by Plaintiff at the litigation stage relating
to previously available reasonable accommodations is
clearly permissible.   Further, such evidence is
certainly relevant to Plaintiff's claims against
Defendant for failure to accommodate and failure to
engage in the interactive process.   As such, this
evidence cannot not be excluded pursuant to Federal
Rules of Evidence 401 and 402.   Finally, this Court
finds no indication that the testimony at issue in the
present Motion would be unfairly prejudicial or
otherwise in violation of Federal Rule of Evidence 403.
This Court thus **DENIES** Defendant's Motion in Limine No.
2 [62].

C.   **Defendant's Motion in Limine No. 3**

     Defendant seeks to exclude "testimony or other
evidence regarding any potential adverse tax
consequences [Plaintiff] might suffer as a result of a
lump sum damages award."   Def.'s Mot. in Limine No. 3,
3:17-19, ECF No. 61.   Defendant brings this Motion "on
the grounds that such tax consequences are irrelevant,
and by their speculative nature would be more
prejudicial than probative."   Id. at 3:19-21.
Defendant contends that "[t]here is nothing in the FEHA
or the case law that supports including negative tax
consequences in a damages award to a prevailing FEHA
plaintiff.   Given the absence of statutory or case law,
and the fact that [Plaintiff's] economist cannot
predict, with any reasonable certainty, the future

federal and state tax rates or tax positions of
[Plaintiff] and her husband, the evidence and argument
regarding any potential negative tax consequences
should be excluded." Id. at 3:21-27.

If the jury finds in Plaintiff's favor, Plaintiff
will receive an award of back pay and front pay as part
of a lump-sum damages award.  Such an award would push
Plaintiff into a higher tax bracket and cause her to
pay more taxes than she otherwise would have paid.  The
question presented by Defendant's Motion in Limine No.
3 is whether a "gross up" of damages calculated by
Plaintiff's economics expert, to compensate Plaintiff
for the potential negative tax consequences of a lump
sum damages award, should be excluded at trial.  This
Court finds such evidence to be speculative,
prejudicial, and neither probative of damages nor
appropriate to present to the jury.

FEHA permits individual suits for damages to
enforce its provisions, but it does not specify what
damages are recoverable.  See Gov. Code § 12965(b),
(c).  The plain language of FEHA is thus silent as to
any "gross up" of damages to compensate for any
potential negative tax consequences of a lump sum FEHA
damages award.

This Court finds that Plaintiff has proffered no
compelling reasoning or authority to warrant a
presentation of such a "gross up" of Plaintiff's tax
consequences to the jury, for either back pay or front

pay.   Plaintiff simply argues that "[i]n order to make [Plaintiff] whole for the injury caused by her wrongful termination, [Defendant] is liable for the additional taxes she will have to pay."  Pl.'s Opp. to Def.'s Mot. in Limine No. 2, ECF No. 65, 2:10-12.  Plaintiff does not support this contention with sufficient or applicable authority.  Furthermore, this Court finds that a presentation to the jury of possible negative tax consequences resulting from a favorable damages award is inherently speculative and thus must be excluded in its entirety pursuant to Federal Rule of Evidence 403.  In order to proffer such evidence to the jury, Plaintiff would have to establish with "reasonable certainty" what damages Plaintiff would incur.  <u>Eckert Cold Storage, Inc. v. Behl</u>, 943 F.Supp. 1230 (E.D. Cal. 2006).

//
//
//
//
//
//
//
//
//
//
//
//

Finally, the Ninth Circuit has refused to allow similar tax "gross ups," finding that everyone has an obligation to pay taxes and that such taxes are imposed by the Internal Revenue Code, not by the defendant's wrongful conduct. <u>DCD Programs, Ltd. v. Leighton</u>, 90 F.3d 1442 (9th Cir. 1996). In short, the tax implications of a lump-sum damage award are not probative of Plaintiff's alleged damages resulting from Defendant's conduct, and thus are an inappropriate and prejudicial issue to put before a jury. Accordingly, this Court **GRANTS** Defendant's Motion in Limine No. 3 [61].

   **IT IS SO ORDERED.**


DATED: February 25, 2016        **/s/ RONALD S.W. LEW**
                                **HONORABLE RONALD S.W. LEW**
                                Senior U.S. District Judge